Zimmerman, J.
 

 To recover in this action it is incumbent on the plaintiff, Lind, to show that Mersieh complied with the terms of the liability insurance policy, or that there was a waiver of such terms. Plaintiff stands in no better position than Mersieh in this respect.
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York,
 
 114 Ohio St., 633, 151 N. E., 718.
 

 That part of the policy with which the defendant claims Mersieh did not fully comply, thus defeating plaintiff’s suit, is as follows:
 

 “The association will, at its own cost but subject to the limits expressed in the foregoing clauses, settle or defend any claim or suit for damages by reason of personal injury or damage to property of others arising out of any accident covered by this policy, provided the assured shall have given the association written notice immediately following the accident causing such injury or damage to property and shall thereafter give like notice of any claim or suit for damages, forwarding immediately to the association
 
 *6
 
 every notice, summons or process as soon as the same shall have been served.”
 

 Defendant also relies on the following clause:
 

 “No condition nor provision of this policy shall be altered or waived except by written endorsement attached hereto and signed by the association, nor shall any notice to or possessed by any agent or other person be held to effect a waiver or change in any part of this contract.”
 

 Plaintiff contends there is sufficient evidence presented to show a valid waiver of these provisions of the policy. He argues that since the defendant received and acted upon notice of the Mersich accident, transmitted by its agent C. E. Taylor, who in the first instance received and acted upon oral notice from Mersich, the implied conduct of the defendant was such as to invite Mersich to give Taylor like oral notice of the suit filed against him, and that under the circumstances defendant is precluded from successfully defending the action upon the failure of Mersich to comply strictly with the provisions of the policy first quoted.
 

 Plaintiff further contends that the evidence shows Taylor to have been more than a soliciting agent of defendant, with limited authority; that the course of conduct pursued by him, with the tacit assent of the defendant, was such as to enlarge his authority into that of an agent with apparent power to waive the conditions of the policy relating to written notice of an accident and subsequent written notice of suit.
 

 Defendant stands squarely on the provisions of the policy, claiming there was no waiver of any kind; that it received written notice of the accident, apparently signed by Mersich, as stipulated in the policy; that it received no notice of suit; and that Taylor was no more than a soliciting agent, without real or apparent authority to waive anything.
 

 It is now established by the decided weight of
 
 *7
 
 authority that clauses in insurance policies prohibiting waiver unless the same are indorsed on such policies in a prescribed manner, refer only to provisions and conditions constituting a part of the contract of insurance, and do not affect conditions to be performed after loss, such as furnishing proofs of loss, sending immediate written notice of an accident, and the giving of other notices. 22 Ohio Jurisprudence, paragraph 642, page 742
 
 et seq.;
 
 14 Ruling Case Law, paragraph 518, page 1346;
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Cochran,
 
 104 Ohio St., 427, 135 N. E., 537;
 
 Hartford Accident & Indemnity Co.
 
 v.
 
 Randall,
 
 125 Ohio St., 581, 183 N. E., 433;
 
 Reilly
 
 v.
 
 Linden,
 
 151 Minn., 1, 186 N. W., 121;
 
 Concordia Ins. Co.
 
 v.
 
 School District No. 98 of Payne County, Oklahoma,
 
 282 U. S., 545, 51 S. Ct., 275, 75 L. Ed., 528.
 

 In the note found in 75 L. Ed., at page 529
 
 et seq.,
 
 many authorities from a number of jurisdictions are cited in support of this principle.
 

 We are aware that approval of a contrary rule was expressed in
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers & Co.,
 
 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760, but the later holdings of this court in the cases above cited are in accord with the majority view.
 

 Conditions in insurance policies as to furnishing various notices after loss in a certain manner, being for the benefit of the insurer, may be waived by words or conduct inconsistent with an intention to enforce strict compliance, from which the assured is led to believe that such compliance is unnecessary.
 
 Twin City Fire Ins. Co.
 
 v.
 
 Stockmen’s National Bank of Ft. Benton
 
 (C. C. A.), 261 F., 470, 476;
 
 Home Ins. Co. of New York
 
 v.
 
 Sullivan Machinery Co.
 
 (C. C. A.), 64 F. (2d), 765, 767.
 

 Waiver of conditions as to immediate written notice ■ of an accident, furnishing proofs of loss, and similar notices, may be effectively accomplished through the words, acts, or conduct of an authorized agent of the
 
 *8
 
 insurer, and whether or not such waiver has taken place is generally a question of fact for the jury.
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Cochran, supra; Hartford Accident & Indemnity Co.
 
 v.
 
 Randall, supra; State Automobile Mutual Ins. Assn.
 
 v.
 
 Lind, supra; Smith
 
 v.
 
 U. S. Fidelity & Guaranty Co.,
 
 109 W. Va., 280, 153 S. E., 584;
 
 Gough
 
 v.
 
 Halperin,
 
 306 Pa., 230, 159 A., 447;
 
 Fray
 
 v.
 
 National Fire Ins. Co.,
 
 341 Ill., 431, 173 N. E., 479;
 
 Lee
 
 v.
 
 Casualty Co. of America,
 
 90 Conn., 202, 96 A., 952;
 
 General Motors Acceptance Corp.
 
 v.
 
 American Ins. Co.
 
 (C. C. A.), 50 F. (2d), 803;
 
 Hartford Fire Ins. Co.
 
 v.
 
 Kiser
 
 (C. C. A.), 64 F. (2d), 288.
 

 The authority of an insurance agent, or any other kind of agent, may be established by showing a course of conduct on his part knowingly permitted by his principal, through which he has the apparent power to accomplish those things he undertakes to do. 1 Ohio Jurisprudence, paragraphs 33 and 34, pages 673-675; 21 Ruling Case Law, paragraph 34, pages 854, 855.
 

 Taylor had been agent for the defendant for a number of years. He took the application of Mersich for the insurance policy and delivered the policy to him, upon the outside of which was printed, “Agent, C. R. Taylor.” Mersich testified that Taylor collected the total premium of $25.50 in installments, which was not expressly denied. The record indicates that this premium was received by defendant, less the deduction by Taylor of his commission from the first payment. Taylor testified that he made out the written report of the Mersich accident, and sent it to defendant through its Niles agency. Defendant admits its receipt. Taylor further testified that he had made out many accident reports during his employment by defendant. Careful reading of the record fails to show that the defendant voiced objection to any of these acts.
 

 In the case of
 
 Maltby
 
 v.
 
 Empire Auto Ins. Assn.,
 
 239 Ill. App., 532, it is held, in the second paragraph of the syllabus:
 

 
 *9
 
 “Notice of loss required to be given to an insurer may be waived by an agent of tbe company, if he has authority to solicit insurance, receive and forward applications, receive and deliver policies, and collect the premiums.”
 

 Travelers’ Ins. Co.
 
 v.
 
 Edwards,
 
 122 U. S., 457, 7 S. Ct., 1249, 30 L. Ed., 1178, is an interesting case on the question of waiver. There the policy provided that upon the death of the insured immediate written notice thereof should be given to the company at Hartford, Connecticut, and that within seven months thereafter the company should be furnished with written proofs thereof. There was a further stipulation that no other person than the president or secretary could alter or waive any of the conditions of the policy, or make agreements binding upon the company. The insured died, and oral notice of this fact was communicated to the local agent, who, in turn, orally communicated it to the company. Proofs of death were given to the local agent, who retained them for a period of more than seven months. In affirming a judgment against the company the Supreme Court of the United States held, as stated in the syllabus, as reported in 30 L. Ed., 1178:
 

 “That the whole course of dealing by the defendant Company shows that it recognized a local agent as its agent in receiving oral notice and proofs of the death of the insured, and so acted upon his information as to waive a strict performance of the contract, which required written notice of-death and proofs thereof within a certain time, the proofs having been retained by the local agent beyond the required time.”
 

 Of course, there is a diversity of opinion among the courts as to the authority which an agent must have in order to waive conditions in policies as to the various notices required after loss. A number of the cases are collected in 7 Cooley’s Briefs on Insurance (2d Ed.), 5966
 
 et seq.,
 
 and in 2 Couch, Cyclopedia of Insurance Law, 1731
 
 et seq.
 

 
 *10
 
 It is our view that there is enough evidence in the record of this case to establish Taylor as an agent with sufficient apparent authority to waive conditions of the policy relating to written notice of an accident and like notice of suit.
 

 As has been noted, the defendant association admits that it received and acted upon written notice of the accident sent by Taylor. This in itself was a waiver of the strict terms of the policy requiring written notice to the association direct from the assured.
 

 A generally accepted tenet of law is that if defective proofs of loss are sent to an insurer, or if they are furnished by the wrong person, good faith requires the insurer to give notice of any objection within a reasonable time; and if it fails to do so, retaining the proofs and acting thereon, such conduct constitutes a waiver of its right to insist that the requirements of the policy have not been met. 33 Corpus Juris, 27; 7 Couch, Cyclopedia of Insurance Law, 5590.
 

 By analogy, in receiving notice through its agent the defendant was advised that its assured was dealing with the agent in respect to a matter which should have been communicated directly to it, and in the es> ercise of good faith and fair treatment it should have notified the assured of any objection. Through silence there was at least an implied invitation to the assured that he might properly communicate with the agent concerning the suit, as he had communicated with him in reference to the accident. True, the defendant claims that the written notice of the accident received bore the purported signature of Mersich; but this does not change the fact that it accepted such notice from the hands of its agent without objection, nor does it remove from the record the testimony of Mersich that he gave oral notice to the agent and signed nothing. The jury had the right to believe the testimony of Mersich that he gave notice of the accident, and, later, notice of suit, and the manner in which this was done.
 

 
 *11
 
 Assuming the testimony of Mersich to be true, he knew that the course of conduct he had taken in giving oral notice of the accident had brought results; that agents of the defendant had come to see him regarding it. In the absence of advice to the contrary, it was ' but natural that he should have given like notice of suit.
 

 The defendant seeks escape on the further ground that Taylor was acting as agent for Mersich, and not for it, in sending notice of the accident and in receiving any subsequent notice of suit.
 

 There is testimony by both Taylor and Mersich lending support to this contention, but it is not conclusive. The jury found against the defendant in these particulars, and we are not disposed to disturb that finding.
 

 Mersich was a foreigner, of little education, and not overly familiar with the English language. He testified that Taylor was the only person connected with the defendant association whom he knew, and that Taylor had advised him to see him, Taylor, in connection with matters pertaining to the policy.
 

 While the case of
 
 LeBlanc
 
 v.
 
 Standard Ins. Co.,
 
 114 Me., 6, 95 A., 284, was decided under a Maine statute providing that agents of insurance companies shall be regarded as in the place of the companies in all respects concerning any insurance effected by them, we think the general observation of the court in the opinion, as applied to the instant case, is appropriate:
 

 “The statute recognizes what common experience teaches. Men commonly do all their insurance business with agents — agents appointed by the companies. They have no direct dealings with the companies. * * * They go to the agents when losses have occurred, and pursue the steps pointed out by them in proving the losses. To the insured the agent is for all practical purposes the company. Good public policy then requires that the companies that appoint these agents
 
 *12
 
 and hold them out as their representatives shall be bound by what they do, and that if "an agent acts without authority, or in excess of authority, his principal should bear the consequences, rather than the insured, who trusted him.”
 

 While the record before this court in
 
 State Automobile Mutual Ins. Assn.
 
 v.
 
 Lind, supra,
 
 was not the same as is now presented, the principles of' law therein expressed are still' applicable. Our opinion is that there was sufficient evidence of waiver in the record now before us to justify submitting the issue to the jury for its determination.
 

 Contention is made that the special charges given the jury before argument, and part of the general charge, are prejudicially erroneous. An examination of these charges shows them subject to criticism, but when they are considered in the light of the whole record we are unwilling to hold them so prejudicial and misleading as to require reversal.
 
 Jaeger
 
 v.
 
 Converse, Admr.,
 
 87 Ohio St., 486, 102 N. E., 1125;
 
 Fox
 
 v.
 
 Jewell,
 
 91 Ohio St., 409, 110 N. E., 1059.
 

 It follows that the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment of the Court of Appeals reversed amd that of the Common Pleas affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Matthias and Bevis, JJ., concur.
 

 Jones, J., concurs in the judgment.