**TRANSCONTINENTAL INS. CO. OF
NEW YORK v. MINNING.**

No. 9277.

Circuit Court of Appeals, Sixth Circuit.
April 12, 1943.

J. L. Kohl, of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for appellant.

A. J. Conroy, Jr., of Cincinnati, Ohio (Robert N. Gorman and Peck, Shaffer, Williams & Gorman, all of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The appellant attacks a judgment rendered upon a verdict in an action upon a fire insurance policy insuring the property of appellee, which was totally destroyed by fire on March 16, 1940. It is contended that the verdict is not supported by any evidence and is contrary to the law and the evidence, and that the court committed prejudicial error in the charge.

The following facts are conceded: Appellant issued a policy to the appellee on June 20, 1939, insuring for five years the buildings situated at 1351 Tomlinson Road, Cincinnati, Ohio. The record title was in the name of the appellee, the premises having been acquired from one Anna Crauford by deed recorded May 25, 1918. In 1924 an accident occurred in which a boy who was riding in an ice-wagon driven by appellee fell off and was hit by an automobile. Appellee's wife, Lillian Minning, nee Schlarman, feared that some legal action against appellee would result, and prepared a deed signed by appellee and herself, dated March 31, 1925, purporting to convey the premises in suit to Mrs. E. Schlarman. Later appellee's wife prepared a deed dated November 6, 1935, which purported to transfer the property from Mrs. E. Schlarman to Mrs. E. Minning. A subsequent deed dated December 28, 1938, purported to convey the property from Mrs. E. Minning to C. King. On December 29, 1938, a deed was executed signed by the appellee, purporting to convey the property from C. King to Albert Minning. All of the above deeds were recorded. During the period covered by the deeds the insurance upon the various properties was kept up by appellee's wife, who died January 7, 1939. There is no evidence showing the existence of any such persons as Mrs. E. Schlarman, Mrs. E. Minning, or C. King, and apart from the transactions here set forth there is no evidence that appellee ever passed under or in any way employed as his own the name of C. King.

Appellant denied liability upon the ground that appellee was not the absolute and unconditional owner of the premises, that appellee had concealed material facts, and that appellee did not supply the company with proof of loss. Appellee admitted not filing written proof of loss but pleaded waiver by the insurance company, and the case was submitted to the jury upon these three issues.

Since appellee was the grantee of the property under a valid deed from Anna Crauford, if the transactions of the various fictitious deeds legally result in no conveyance, then appellee was at the date of the fire the absolute and unconditional owner of the premises, for the various mesne conveyances were as though they had never been. Appellant contends that the name Mrs. E. Schlarman was in reality another name for appellee's wife, and that the name Mrs. E. Minning likewise was a business name for appellee's wife. Relying upon the established rule that a person may adopt any name to transact business, appellant contends that Mrs. E. Schlarman and Mrs. E. Minning were not spurious or fictitious grantees, but were one and the same living person capable of holding title to real estate, namely, Lillian Minning; that the deeds were valid and title was vested in appellee's wife as of March 31, 1925; that the deed to C. King was invalid because there was no grantee in being, and hence the appellee to whom the property purported to be conveyed by "C. King", had no title at the time of the issuance of the policy.

No issue was submitted to the jury dealing with this question and no request was made to charge upon this point. But it clearly was a jury question whether Mrs. Lillian Minning adopted the names of Mrs. E. Schlarman and Mrs. E. Minning so as to make them her own. The record contains not a trace of evidence that Mrs. Minning at any other time used these names or was known by them in the community. Cf. Hobday v. Sands, 24 Ohio Cir.Ct.R.,N.S., 286. Something more than such a limited use is necessary to show that Mrs. Lillian Minning had adopted the names of "Mrs. E. Schlarman" and "Mrs. E. Minning" as her own. So far as this record shows they were entirely fictitious

grantees. Appellant concedes that the name of C. King was fictitious although appellee signed the deed from C. King to himself. If the name of C. King is fictitious, as appellant contends, although appellee himself signed it once, the names of Mrs. E. Schlarman and Mrs. E. Minning are equally fictitious. Either all three deeds are void or all are valid. A deed from or to a person not in being, or a fictitious person, under Ohio law is void. 13 Ohio Jur. 856; Noble County Bank v. Dondna, 3 Wkly.Law Bul., Ohio 789. Hence appellee's title is unaffected by these purported conveyances. In any event appellee's title was absolute at the time of the issuance of the policy.

Appellant also contends that the policy is void because of material concealment by the appellee of these transactions, relying for authority upon Claflin v. Commonwealth Ins. Co., 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76, and similar cases. But these decisions involve actual false statements made under oath under insurance contracts which make such statements express ground for the avoidance of the policy. Cf. Hutchins v. Cleveland Mutual Ins. Co., 11 Ohio St. 477. Here appellee made no false representations whatever. By entering into the contract he represented that he was the unconditional and sole owner of the premises, and this he was on the date that the policy was issued.

■ Concealment of matter which can in no way increase the risk does not avoid the policy. 22 Ohio Jur. 565; Lexington Fire, Life & Marine Ins. Co. v. Paver, 16 Ohio 324. Under the Ohio decisions, the doctrine of concealment, as understood in marine insurance, is not applicable in its full extent to fire policies in which the insured is not bound to communicate every fact material to the risk. All that is required of him is that he shall not misrepresent, or designedly conceal any such facts, and that he answer, in good faith, all questions asked him by the insurer, unless the fact not communicated is one of unusual peril to the property, and could not, with reasonable diligence, be discovered by the insurer, or anticipated as a foundation for specific inquiry. Hartford Protection Ins. Co. v. Harmer, 2 Ohio St. 452, 472, 59 Am.Dec. 684.

■ Moreover, the question of materiality in regard to concealment, as in regard to representation, is for the jury. Hartford Protection Ins. Co. v. Harmer,

supra. Appellant contends that the sharp practices of appellee's wife and of appellee in the various purported conveyances affect the moral hazard and constitute as a matter of law material concealment. But the question whether there was a material concealment was for the jury, and appellant neither submitted interrogatories on the point nor requested the court to charge upon it. The court did charge the jury that if it found from the evidence that appellee concealed from the appellant, or failed to disclose to it at or before the date of the issuance of the policy that he claimed title in himself to the property described by virtue of the deed from C. King to Albert J. Minning, the appellant was entitled to a verdict in its favor. The jury by its verdict in favor of the appellee found that appellee did not claim title under the chain of fictitious deeds.

These spurious conveyances running from March 31, 1925, to December 29, 1938, were unethical. However, the appellant was in no way defrauded. While the conveyances were intended to insure the avoidance of liability and might have resulted in a fraud on creditors, the entire transaction was completed a considerable period of time prior to the fire and it had no relation to the insurance contract nor to appellant's liability under the policy.

■ Nor is there reversible error in the charge of the court. Counsel, when asked for other suggestions, failed to request any amendments or additions to the charge. The charges on waiver excepted to were strictly in accordance with the doctrine laid down in Lind v. State Automobile Ins. Ass'n, 128 Ohio St. 1, 190 N.E. 138. There was evidence in the record to the effect that the appellant, by its adjuster, proceeded to investigate the loss, examine the policies, instructed the appellee to make out a list of furniture covered by another policy, gave him no instructions to make out proof of the loss nor any forms for such proof, and stated to appellee that he would come out to his bakery and then he would tell him when to come down to his office and see if they could reach a settlement. The adjuster did not deny having this conversation, but simply stated that he did not recall it. If the jury believed appellee's story, this was evidence to support a finding that the appellant's agent caused the appellee to believe that only the amount of loss was in dispute and that compliance with the re-

quirement of the written proof of loss was unnecessary. Kenney v. Phoenix Assur. Co., 66 Ohio App. 284, 34 N.E.2d 237; American National Ins. Co. v. Euce, 2 Ohio App. 299; Enterprise Ins. Co. v. Parisot, 35 Ohio St. 35, 35 Am.Rep. 589; Lind v. State Automobile Ins. Ass'n, supra. Under Ohio law this constituted evidence of waiver of appellant of the requirement that proofs of loss be filed in accordance with the policy.

The judgment is affirmed.