Zimmerman, J.,
 

 dissenting. My position with respect to the instant controversy is largely in accord with the theory expressed in the first paragraph of the majority opinion.
 

 Section 9586, General Code, is a general provision and is broadly worded. By its plain terms any person who solicits any type of insurance and procures the application therefor is the agent of the company thereafter issuing the policy upon such application, anything in the application or policy to the contrary notwithstanding.
 

 This enactment is in the furtherance of sound public policy. It is the usual and almost universal practice of those wishing to purchase insurance to contact an agent appointed by an insurance company, and they transact all their business with such agent. Earely do these persons have any direct dealings with the company itself. Ordinarily, as in the instant case, the agent fills out the application for an insurance policy on a printed form pursuant to information furnished by the applicant, and in reliance on the agent the applicant seldom does more than sign his name thereto. Thereafter, upon issuance of the policy, the agent delivers the same. When a loss occurs the insured contacts the agent and pursues the course pointed out by him in proving such loss. To the insured the agent is for all practical purposes the company.
 

 Why then should not the company which appoints the agent and holds him out as its representative be bound by what he does? If an agent acts dishonestly or fraudulently in the procurement of the policy, his principal should bear the consequences rather than the insured who trusted him. See
 
 Lind
 
 v.
 
 State Automo
 
 
 *355
 

 bile Mutual Ins. Assn.,
 
 128 Ohio St., 1, 11, 190 N. E., 138, 142.
 

 Under Section 9586, General Code, and in line with the above observations, “if an application for insurance is drawn by an agent of the insurer, who fills in false answers to the interrogations contained therein which are truthfully answered by the insured, without fraud, collusion, or actual knowledge of the insured, or the existence of circumstances from which constructive knowledge of such falsity might be imputed to him, the insurer cannot rely upon the falsity of such answers in seeking to avoid liability under the policy issued upon the application. The view generally taken is that the agent in making out the application acts for the insurer, and that the insurer is' therefore estopped to assert the mistake or, as has been said in some cases, the mistake is deemed to be waived by the insurer.” 29 American Jurisprudence, 643, Section 846. See, also, 45 Corpus Juris Secundum, 733, Insurance, Section 728.
 

 As I view the matter the majority opinion is contrary to the weight of authority and in conflict with prior pronouncements of this court. It promulgates a harsh rule which more often than not mil produce unjust and unconscionable ' results. Under the facts developed in these eases the judgments of the two lower courts are correct; they are supported by reason, by sound public policy and by the authorities.
 

 Weygandt, C. J., and Faught, J., concur in the foregoing dissenting opinion.