BRIGHT, APPELLANT, *v.* CALVERT FIRE INS. CO., APPELLEE.

(No. 5092—Decided October 22, 1954.)

Messrs. *Brownfield, Ford & Douglas,* for appellant.
Messrs. *Wiles & Doucher,* for appellee.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court rendered upon an order directing a verdict for the defendant at the close of the plaintiff's case. The action was brought by the appellant to recover on a policy of insurance issued by the appellee covering a truck owned by the appellant. The loss of the truck by fire is well established, but the payment of the loss was refused upon the ground that the truck was used in violation of the limitation of use endorsement on the policy. A copy of the endorsement, offered in evidence by the appellant, showed that the use of such truck was limited to a radius of fifty miles. The evidence discloses that the truck was used in violation of this limitation, but the appellant urges that an employee of the Commercial Credit Plan, Inc., an affiliate of Commercial Credit Company, which held a mortgage on the truck, informed the appellant immediately after the loan was made and the mortgage executed that the truck had full coverage.

The question presented is whether the finance company was an agent of the insurance company with authority to bind it under Section 644, General Code. The appellant urges that it was such an agent under the provisions of Section 9586, General Code, or under the common law and attempted to show a course of conduct between the finance company and the appellant in order to establish the agency.

No direct evidence was offered as to the procedure at the time the application for the insurance was made. The course of conduct relied upon to establish the agency is the manner in which the business was carried on between the finance company and the insurance company. From this custom it appears that when a mortgagor had no insurance on the mortgaged property the finance company would secure the necessary

information from the mortgagor and forward such information directly to the insurance company, the defendant herein, which issued the policy of insurance and forwarded it to its licensed agent who would forward it to the insured. The premium was computed by the finance company, added to the amount of the loan and eventually paid by the mortgagor, but the finance company made the payment to the insurance company. Appellant cites *Massachusetts Life Ins. Co.* v. *Eshelman*, 30 Ohio St., 647; *Blumenschien* v. *The Maccabees*, 83 Ohio App., 283, 83 N. E. (2d), 634; and *Lind* v. *State Auto. Mutual Ins. Assn.*, 128 Ohio St., 1, 190 N. E., 138, for the purpose of showing that under certain circumstances an agency may be established by showing a course of conduct. We have examined these cases and think they can have no application to the case at bar, as pointed out by the trial court, for the reason that under the terms of the mortgage the "mortgagee or mortgagee's assignee, as a creditor of the mortgagor, is authorized to purchase any and all such insurance at the mortgagor's expense." The policy further provides:

"The insured under this policy is the above named insured and Commercial Credit Company and/or affiliated companies and/or subsidiaries. Any loss hereunder is payable to the insured."

Now, since the finance company was one of the insured parties and authorized to procure the insurance, if it did so it would be acting as a principal and not as an agent. It could not be both for the two positions are incompatible. Therefore, the provisions of Section 644, General Code, can have no application to the facts in this case.

It should be noted that the appellee herein had no license to conduct an insurance business and under the provisions of Section 644-3, General Code, one

could not lawfully be granted to it. In the case of *Motors Ins. Corp.* v. *Robinson,* 106 N. E. (2d), 581, this court affirmed the Common Pleas Court (106 N. E. [2d], 572) which held that insurance license statutes forbid the granting or renewing of licenses to sell insurance where the principal use of the license is to effect insurance upon the property of the licensee, or of his relatives, employers, employees, or for which licensee, his relatives, employers, or employees are agents, custodians, vendors, bailees, trustees or payees.

For the reasons previously given the doctrine of estoppel urged by the appellant can have no application to the case at bar.

We have examined the well considered opinion of the trial judge and are in full accord with the reasons advanced by him for sustaining the defendant's motion at the close of the plaintiff's case.

We find no error in the record and the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and HORNBECK, J., concur.