Carroll,
No. 4528.

ISAAC C. HULL

*v.*

HARTFORD FIRE INSURANCE CO.

Argued November 7, 1956.
Decided December 31, 1956.

*Upton, Sanders & Upton* and *John J. Zimmerman* (*Mr. Zimmerman* orally), for the plaintiff.

*Sheehan, Phinney & Bass* and *Richard A. Morse* (*Mr. Morse* orally), for the defendant.

GOODNOW, J. The sole issue presented by this case is whether notice of loss was given by the insured in sufficient season to permit his recovery under the policy issued to him by the defendant.

RSA 407:9 which is by statute made a part of all fire insurance contracts issued in this state and was included in the policy under consideration by express stipulation provides as to notice of loss as follows: "In case of loss or damage of property insured the party insured shall give notice thereof, in writing, to the secretary, a director, or an agent of the company, within thirty days."

We cannot support the plaintiff's contention that by this policy provision it was intended that the thirty-day period should commence on the date of discovery of the loss or damage rather than on the date of its occurrence. By the plain language of the provision, in which no reference to date of discovery is made, the words "within thirty days" must necessarily refer to the event first described, that is, the "loss or damage of property insured."

The legislative history of the statute confirms this view of its meaning. The first statutory requirement concerning notice of loss was adopted in Laws 1859, *c.* 2236, *s.* 1, in which it was provided as follows: "In case of any loss or damage by fire, happening to any person upon property insured . . . said person shall give notice thereof in writing to the directors, or some one of them, or to the secretary or agent of said company, within thirty days from the time such loss or damage may have happened . . . ." In the 1867 revision of the statutes (G. S., *c.* 157, *s.* 4) the language of the 1859 statute was changed to substantially that employed in the present statute. An examination of the notice of loss provisions in the two statutes clearly indicates that the omission of the words "from the time such loss or damage may have happened" at the end of the provision was not intended to be a change in substance, but was one of form "made necessary by condensation"

(*Locke* v. *Laconia,* 78 N. H. 79, 81) and was not designed to alter the sense of the 1859 statutes. Commissioners' Report of 1867. The Legislature intended that the thirty-day period should continue to commence on the date when the loss or damage occurs as the 1859 statute had specifically provided. This is the interpretation which has been given to this provision in previous decisions of this court in which it has been considered. *Bean* v. *Insurance Co.,* 88 N. H. 416, 419, and cases cited.

The plaintiff admittedly failed to give notice of his loss within thirty days after it occurred. He contends, however, that he was not required to do so because of the policy provisions concerning vacancy of the insured premises. As required in all fire policies issued in this state, the plaintiff's policy provided, for the benefit of the insurer, that the contract shall be void and inoperative if the insured premises shall "remain vacant for more than thirty days" without the assent of the insurer. However, the extended coverage endorsement applicable to damage caused by windstorm, under which the plaintiff seeks to recover, provides as follows: "Waiver of policy provisions: A claim for loss from perils included in this endorsement shall not be barred because of change of occupancy, nor because of vacancy or unoccupancy." Thus, coverage against damage by windstorm is provided regardless of the length of time the premises remain vacant.

We cannot agree with the plaintiff's contention that the policy condition as to notice of loss, in the light of the endorsement provision as to vacancy, should be so construed in its application to damage caused by windstorm as to require notice within thirty days after discovery of such a loss rather than within thirty days after its occurrence. The notice of loss condition having a well-established construction in connection with loss by fire is not to be construed differently in the same policy in connection with a loss caused by windstorm. Nor can we agree with the contention that the endorsement provision was a waiver of the notice of loss condition. In the endorsement provision as well as in the basic fire provision, "vacancy is a subject of treatment by the insurer for the only reason that it is deemed to affect the risk." *Trepanier* v. *Insurance Co.,* 88 N. H. 118, 120. Both provisions deal with vacancy as it may or may not operate to void the coverage before a loss occurs; neither relate to procedure under an enforceable contract after a loss has occurred.

The plaintiff contends that he was excused from strict compliance

with the notice of loss condition because otherwise he would be effectively deprived "of the very rights of vacancy and unoccupancy which the policy clearly gives him." The defendant argues, however, that the granting of permission to the plaintiff to leave the premises vacant or unoccupied "does not mean that he could not have some one watch over the property and inspect it . . . during the period of his absence." This argument would apply with equal force to the fire coverage for summer or seasonal dwellings provided by the plaintiff's policy under which "permission is hereby given for the premises to be unoccupied (furniture remaining in the building) for a portion of each year." Adoption of it would require the imposition of a duty upon the insured, in every case in which vacancy beyond thirty days is permitted by the policy, to hire someone to inspect the premises at least once every thirty days in order to preserve his right to enforce the policy. This we do not believe was what "a reasonable person in the position of the insured" would have understood the contract to require. *Bowen* v. *Casualty Co.*, 99 N. H. 107, 115.

It has long been established in this state that compliance with the requirement of a policy as to notice of loss is a condition precedent to the insured's right of recovery. *Bean* v. *Insurance Co.*, 88 N. H. 416, 419; *Patrick* v. *Insurance Company*, 43 N. H. 621, 622. A failure to give such notice within the time limited by the policy may, however, "be excused where the circumstances are such as to render strict compliance with the requirement impossible or unreasonable, and insured has not failed to use due diligence." 45 C. J. S. 1185. In this jurisdiction it has been recognized that strict compliance with such a condition may be excused on the ground of waiver (*Gleason* v. *Insurance Co.*, 73 N. H. 583), estoppel (*Flynn* v. *Insurance Co.*, 77 N. H. 431), or impossibility (*Bean* v. *Insurance Co.*, 88 N. H. 416) or "for some other good reason." *Fitch Company* v. *Insurance Company*, 99 N. H. 1, 3.

By its basic provisions, a standard fire policy requires notice of loss within thirty days after its occurrence and is made void and inoperative if the premises remain vacant more than thirty days. If this latter provision is not violated, it would ordinarily follow that any damage which occurs will be discovered by the occupant in sufficient season to allow timely notice to be given to the insurer. On the other hand, when the basic condition concerning vacancy is partially waived, as it is under the summer or seasonal dwelling endorsement applicable to fire coverage, or is wholly waived, as it

is under the extended coverage endorsement applicable to windstorm coverage, and damage occurs during the permitted vacancy or unoccupancy, the probability that the insured will be made aware of it soon enough to meet the thirty-day notice of loss requirement is materially reduced.

Unawareness of a loss does not itself excuse a delay in giving notice; it is only when it is a loss of which the insured is "justifiably ignorant" (*Malloy* v. *Head*, 90 N. H. 58, 62) that good reason exists for extending the notice period. When the premises are vacant or unoccupied for more than thirty days and this is expressly permitted by the policy, it would be unreasonable to require the insured, who has relied upon that permission, to do more than to exercise reasonable care to keep himself informed as to the condition of his property and to give notice of any loss within a reasonable time after he has knowledge of it. Until he knows or should have known of the loss, he is justifiably ignorant of it and strict compliance with the notice of loss condition cannot reasonably be required.

Whether the plaintiff in this action is entitled to be excused from strict compliance depends upon whether he exercised reasonable care, while the premises were vacant, to inform himself concerning their condition and discovered the damage as soon as he should have. A determination of this fact requires consideration of all of the surrounding circumstances including the location and accessibility of the premises, the efforts made by the plaintiff and the means available to him to acquire information concerning their condition, as well as the duty owed by him to minimize any loss caused to the interior of his premises by their continued exposure to the elements as a result of the damage to the roof. The question is one of fact, and by stipulation of the parties is not to be determined on their agreed statement of facts but is to be remanded to the Superior Court for determination.

*Remanded.*

All concurred.