**ALLSTATE INSURANCE COMPANY**
v.
**Peter MILLON, John R. Millon, Lillian H. Millon, and George P. Walling.**
Civ. A. No. 2447.

United States District Court
D. New Hampshire.
May 5, 1966.

Devine, Millimet, McDonough, Stahl & Branch, Shane Devine, Manchester, N. H., for plaintiff.

Upton, Sanders & Upton, Carleton Eldredge, Concord, N. H., for defendants Peter Millon, John R. Millon and Lillian H. Millon.

Sulloway, Hollis, Godfrey & Soden, Irving H. Soden, Concord, N. H., for defendant George P. Walling.

## OPINION

CONNOR, District Judge.

This is a petition for declaratory judgment brought pursuant to Title 28 U.S. C.A. § 2201 wherein the petitioner seeks determination of the coverage of an insurance policy. The basic facts are as follows: On November 15, 1958, the petitioner insurance company issued to John R. Millon and Lillian H. Millon of 3 Ledge Circle, Concord, New Hampshire, a certain "Homeowners Policy" which was renewed and in force on March 16, 1963. Peter M. Millon, a minor child of John R. Millon and Lillian H. Millon and a resident in their household, was insured under the terms of the policy. Contained in the policy was the following provision:

> "Notice of Occurrence: When an occurrence takes place, written notice shall be given by or on behalf of the Insured to this Company or any of its authorized agents as soon as practicable."

The notice referred to is described as one that shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, and the names and addresses of the injured and of available witnesses.

On March 16, 1963, Peter Millon was involved in a skiing accident at a ski area in Henniker, New Hampshire, known as Pat's Peak, in which it is alleged that one George P. Walling was injured. As a consequence of this accident, the said Walling, on December 30, 1963, brought suit against the petitionee, Peter Millon, in this court seeking damages in the amount of $100,000, which suit is presently pending.

It is the contention of John R. Millon, the insured, that on or about March 19, 1963, he notified by telephone the office of the petitioner located in Manchester, New Hampshire, of the occurrence of the accident. It is Millon's further conten-

tion that he was advised on the telephone by the claims manager of the petitioner insurance company, Mr. William O'Hearn, that no further notice or other action was required of him until such time as demand or claim arising out of the accident was made upon Peter Millon. In September, 1963, the attorney for Walling visited the home of the Millons to discuss the accident of March 16 and the claim of said Walling. Following this discussion with the attorney, John R. Millon alleges that on September 26, 1963, he notified the petitioner insurance company again concerning this accident. The petitioner insurance company admits having received notice on this date, but Mr. O'Hearn could not recall any notice having been given on March 19 as alleged. Following the receipt of the notice of September 26, nothing further was done by the way of investigation by the petitioner insurance company until late in November. The first objection as to the late filing of notice in September was raised by counsel for the insurance company after Walling had instituted his suit on December 30, 1963.

In view of the decision by the Court, the first and sole issue before the Court is whether the notice given by Millon to the petitioner insurance company was notice as required by the terms of the insurance policy.

█ It is findable and the Court so finds that, upon the evidence John Millon did on March 19, 1963, notify by telephone the claims manager of the petitioner insurance company, who told Mr. Millon that no further report would be necessary until some action was taken by the person allegedly injured in the accident. Bearing on the mode chosen by Millon is the fact that he is blind. I am not convinced that the assured would deliberately falsify the facts concerning the incident. In the testimony of Mr. O'Hearn, the claims manager, he indicated that he was kept very busy performing his many duties, and that this was the first ski report he had ever received. After the written notice in September, Mr. O'Hearn consulted counsel for the company who furnished him with an explanation of the company's policy coverage. In the light of this knowledge, or lack of it, and the many duties he had, Mr. O'Hearn conceivably could have disregarded the report as being of no moment, assuming that no possible liability would arise, or have mislaid his notes and forgotten the call. It is to be noted that Mr. O'Hearn did not unequivocally deny the receipt of this notice, but stated only that he did not recall such.

█ If a written report were needed, such was not demanded in this telephone conversation and it would appear from the circumstances that the insurer waived strict compliance with this requirement and is estopped to assert it as a defense to an action on the policy. Hull v. Hartford Fire Ins. Co., 100 N.H. 387, 391, 128 A.2d 210; Gleason v. Canterbury Mutual Fire Ins. Co., 73 N.H. 583, 586, 64 A. 187; Flynn v. Orient Ins. Co., 77 N.H. 431, 432, 92 A. 737. This is supported by the fact that Millon delayed filing a written report until it became apparent in September that a suit would be brought by Walling.

█ As additional evidence of waiver, it is to be noted that the insurer made no complaint of lateness when the written report was filed and its subsequent conduct does not suggest that the delay prejudiced its being able to obtain the facts concerning the ski accident. In fact, the insurer delayed about six weeks after the September notice before beginning any investigation into the accident. Therefore, the Court is of the view that the notice given by the insured to the insurer several days after the accident was notice "as soon as practicable" so as to be within the policy requirement

Accordingly, it is ordered that the petitioner assume the defense of the action brought by George P. Walling against Peter Millon, and that it satisfy any judgment which may be obtained by the said Walling against Peter Millon within the limits of the policy issued to John R. Millon and Lillian H. Millon.

Petition is dismissed with costs to the petitionees.