FELICITY-FRANKLIN LOCAL
SCHOOL DISTRICT BOARD OF
EDUCATION ET AL. *v.*
NATIONWIDE MUTUAL
INSURANCE CO. ET AL.

(No. 88-CV-0688—Decided
December 22, 1989.)

Court of Common Pleas of
Clermont County.

*J. Michael Fischer,* for Felicity-Franklin Local School District Board of Education.
*Rex Ely,* for Nationwide Mutual Insurance Company.
*Thomas Vivyan,* for Republic-Franklin Insurance Company.

RINGLAND, J. This matter came before the court on a declaratory judgment to determine the duty of Nationwide Mutual Insurance Company ("Nationwide") to defendant in a lawsuit filed by a third party against plaintiffs. On April 22, 1983, a teacher for the Felicity-Franklin Local School District, Harold Messer, paddled two to four of his thirteen- to fourteen-year-old students who had been chasing each other around the room, trying to staple each others' bottoms. This paddling incident received a great deal of publicity, which resulted, *inter alia,* in a special school board meeting being held and attended by approximately two hundred citizens. The Felicity-Franklin Board of Education also met in executive session with the families of the students who had been paddled, who demanded that Messer be dismissed, but the board declined to take any such action.

On May 2, 1983, the Superintendent of the Felicity-Franklin Local School District ("Felicity-Franklin"), Palmer Lowe, contacted an unidentified individual at Hoag Insurance Agency ("Hoag"), an exclusive agent for Republic-Franklin Insurance Company ("Republic-Franklin"). The evidence indicates that the individual at Hoag told Lowe to contact attorney Bob Baker, who acted as attorney for both Republic-Franklin and the Ohio School Boards Association. Defendant Republic-Franklin on the other hand claims that Lowe was uncertain as to who referred him to Baker—whether it was the individual at Hoag, or whether it was someone from the association. Baker informed Lowe that Republic-Franklin had no obligation to provide a defense for Messer in the criminal case of assault filed against him on May 30, 1983. Baker continued by informing Lowe that Republic-Franklin should be notified if any other claims arose as a result of the paddling incident. The assault charges against Messer were

dropped on June 6, 1986, for lack of probable cause.

Republic-Franklin ceased to insure Felicity-Franklin as of February 1, 1985, at which point Nationwide took over Felicity-Franklin's policy. Under the Nationwide policy, Felicity-Franklin had prior acts or omissions coverage.

On April 22, 1988, David Manness, one of the students who had been paddled, filed suit against the Felicity-Franklin school board, the principal of Felicity-Franklin High School, and Harold Messer. On April 25, 1988, the parties were served with this civil lawsuit. Republic-Franklin was given notice of this claim, allegedly for the first time, on April 27, 1988.

Both Republic-Franklin and Nationwide deny coverage or any duty to defend the civil suit brought by Manness. Republic-Franklin claims it has no duty here because the school failed to comply with the notice provisions of the policy. Nationwide asserts that under the prior acts or omissions coverage, Nationwide is only obligated to act if there was no knowledge of the claim or if the claim could not have been reasonably foreseen at the time when Nationwide's policy coverage began.

The school district's policy with Republic-Franklin in pertinent part provides as follows:

"VII. Policy Period

"This insurance policy applies only to acts or omissions which occur: (a) during the policy period and then only if (1) claim is made or suit is brought during the policy period or (2) the Insured shall have knowledge of or become aware of any act or omission occurring during the policy period and give written notice thereof to the Company within 90 days of the policy expiration, then such notice shall be considered a claim hereunder.

"VIII. CONDITIONS

"1. Insured's Duties in the Event of Claim or Suit.

"(a) In the event of any claim written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place, and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable.* * *

"* * *

"2. Action against Company. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy. * * *

"* * *

"5. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the Company."

A notice provision is a requirement that goes to the very essence of an insurance contract. *Zurich Ins. Co.* v. *Valley Steel Erectors* (1963), 13 Ohio App. 2d 41, 42 O.O. 2d 109, 233 N.E. 2d 597. One who after a period of delay claims coverage under an insurance contract has the burden of proving that the delay was not unreasonable, *i.e.,* that the insurer is not prejudiced by delay in the notice of the incident. *Id.; Patrick* v. *Auto-Owners Ins. Co.* (1982), 5 Ohio App. 3d 118, 5 OBR 235, 449 N.E. 2d 790. A party claiming insurance coverage has the burden of establishing compliance with all provisions of the insurance policy which are precedent to his right to recover, and

the notice provision is such a condition precedent. *Gergely* v. *Pioneer Mut. Cas. Co.* (App. 1947), 48 Ohio Law Abs. 376, 74 N.E. 2d 432; *Kornhauser* v. *National Surety Co.* (1926), 114 Ohio St. 24, 150 N.E. 921.

There is no question here that notice to Republic-Franklin was a condition precedent. The real issue is whether Republic-Franklin has, through its agents, acted in such a way as to be estopped from asserting a defense of noncompliance with the notice provision, regardless of whether Republic-Franklin may have been prejudiced by any delay in receiving notice from plaintiffs. "Conditions in insurance policies as to furnishing various notices after loss in a certain manner, being for the benefit of the insurer, may be waived by words or conduct inconsistent with an intention to enforce strict compliance, from which the assured is led to believe that such compliance is unnecessary." *Lind* v. *State Auto. Mut. Ins. Assn.* (1934), 128 Ohio St. 1, 7, 190 N.E. 138, 140. In *Ohio Farmers Ins. Co.* v. *Cochran* (1922), 104 Ohio St. 427, 135 N.E. 537, it was held that an insurer waived his right to immediate notice of loss when the acts and conduct of the insurer along with its soliciting agents induced or caused one to fail to file a notice of loss for a period of time.

The provision for notice of loss may be waived in spite of the fact that the insurance policy contains a non-waiver provision. *Van Dyne* v. *Fidelity-Phenix Ins. Co.* (1969), 17 Ohio App. 2d 116, 46 O.O. 2d 160, 244 N.E. 2d 752.

One of the typical situations in which an insurer is estopped from claiming nonliability for non-compliance with written notice provisions is when the insurer through a duly authorized agent makes a statement to the insured to the effect that the insurer will not defend an action, thereby inducing the insured to inaction, resulting in prejudice to his position. *Hartford Acc. & Indemn. Co.* v. *Randall* (1932), 125 Ohio St. 581, 183 N.E. 433; *American Liability Co.* v. *Remke* (1929), 34 Ohio App. 496, 171 N.E. 372. The authority of any agent can be established by "showing a course of conduct on his part knowingly permitted by his principal, through which he has the apparent power to accomplish those things he undertakes to do." *Lind, supra,* at 8, 190 N.E. at 140-141.

Defendant Nationwide, asserting that Republic-Franklin is liable for the defense and coverage in the lawsuit brought by Manness, relies primarily upon the cases of *Fox* v. *National Savings Ins. Co.* (Okla. 1967), 424 P. 2d 19, and *Allstate Ins. Co.* v. *Millon* (D.N.H. 1966), 267 F. Supp. 290. Nationwide argues that there should be no distinction between oral and written notice, as long as the insurer is notified of the time, place, manner, and circumstances surrounding the event. While this court rejects the proposition that no distinction should be made between written and oral notice, it does recognize a more accurate statement of the *Fox* case: Insurance companies can be estopped to raise a defense of failure to give timely notice when there are oral communications that result in the insured believing that he is covered by the policy without any further acts on his part.

Defendant Republic-Franklin points to distinctions between the case at hand and *Allstate, supra,* but these are distinctions without a difference. Estoppel is the result of the individual facts of each particular case, but the bottom line is whether the one claiming coverage has not given notice as a result of being lulled into complacency, *e.g.,* by believing that he has no further duty to his insurer unless the situation would somehow change. (See *Allstate,*

*supra,* at 292, where the agent told the insured that no further report would be necessary until some action was taken by the person allegedly injured in the accident.)

In the case at hand, the plaintiffs, through Hoag and Baker, were led to believe that strict compliance with the notice provision was unnecessary, so they failed to file a notice of loss and did not communicate anything further to Republic-Franklin concerning this incident until Manness filed his suit in April 1988.

Agents for Republic-Franklin could waive compliance with provisions in the policy regardless of the fact that paragraph 5 of the policy states that waiver of the terms of the policy could only be in writing and signed by a duly authorized representative of the company. See *Van Dyne, supra.*

In one sense the instant case is analogous to the *Hartford* and *American Liability* cases. Although Republic-Franklin, through its agents, did not totally deny coverage and its duty to defend, it did state that it had no duty to defend on the criminal assault charge against Messer, thus leading the plaintiffs to believe that any notice given at that time would be pointless, especially when they were advised to contact Republic-Franklin if any other claims arose as a result of the paddling incident. Even though no Republic-Franklin agents ever expressly stated that a written notice was not required, they did lead the plaintiffs to reasonably believe that oral notice would suffice through the statements that they did make.

It is beyond question that Hoag and its employees, agents of Republic-Franklin, had the apparent power to recommend that Lowe consult with Baker, who often acted on behalf of Republic-Franklin too, and who spoke directly to the issue of what Republic-Franklin's duty was under the circumstances. Baker had the apparent authority to answer questions of a legal nature insofar as Republic-Franklin's interests were concerned.

Republic-Franklin, through its agents, waived compliance with the written notice provision, including the provision that the notice be given to "the company," and further, is estopped from asserting noncompliance as a defense in this action.

The Nationwide Insurance policy covering Felicity-Franklin, which became effective on February 1, 1985, provides in pertinent part that:

"This insurance applies only to acts or omissions which occur * * * (b) prior to the policy period but after the applicable date shown below if claim is made or suit is brought during the policy period and providing (1) the insured at the effective date of this policy had no knowledge or could not have reasonably foreseen any circumstances which might result in the claim or suit, and (2) there is no other insurance applicable to such acts or omissions."

Nationwide asserts that Felicity-Franklin was "acutely aware" of the paddling incident, hence Felicity-Franklin was not covered by the prior acts or omissions provision. This awareness, Nationwide opines, constitutes knowledge or reasonable foresight of a claim or suit. In its efforts to prove knowledge or foresight, Nationwide points to the fact that a special board meeting was held in an auditorium filled to capacity, that there were requests for TV interviews, that there were criminal charges filed against Messer, and that Republic-Franklin's agent was orally notified of the paddling incident. This proof goes to show what Felicity-Franklin could have known or foreseen in 1983, but it is quite another matter to say that

Felicity-Franklin could have known about or foreseen a claim or làwsuit on February 1, 1985, when the school district's insurance with Nationwide became effective. This point need not be decided though, because the Nationwide prior acts coverage only extends to those acts or omissions for which there is no other applicable insurance. Since Republic-Franklin is liable on its policy with Felicity-Franklin, the Nationwide prior acts coverage is not available.

Therefore, based on the above the court holds that Republic-Franklin has a duty to defend the action which was brought by Manness against the plaintiffs.

*Judgment accordingly.*