JOURNAL ENTRY AND OPINION
The appellant, MBE Collections ("MBE"), appeals the decision of the Cuyahoga County Court of Common Pleas in granting motions for summary judgment for Westfield Companies, Inc. ("Westfield") and James B. Oswald Company ("Oswald"). For the reasons set forth below, we affirm the decision of the trial court.
The appellant, MBE, was formerly owned and operated by Marsha Everett. On or about July 12, 1996, MBE purchased a Westfield insurance policy through Oswald. The policy was in effect from June 17, 1996 through June 17, 1997. On or about August 12, 1997, MBE renewed the Westfield policy for the period of June 17, 1997 through June 17, 2000.
On or about June 22, 1998, MBE received a cease and desist letter from Ty, Inc., the manufacturer of "Beanie Babies," which requested MBE to stop manufacturing and selling certain "Charmies" products as they bear a resemblance to the "Beanie Babies" manufactured and sold by Ty, Inc. The letter claimed that MBE was using the Beanie Baby image to promote the selling of the "Charmies" and that their continued use of the likeness is in direct violation of Ty, Inc.'s copyrighted images and trademark.
One month later, the president of MBE, Marsha Everett, contacted the office of the Oswald Company and spoke with an account manager by the name of Betsy Harting. Ms. Harting testified that the conversation regarded a price quote for "patent/copyright" insurance coverage, and her testimony is supported by her telephone records for that day. However, Ms. Everett stated that during the conversation, she read the portions of the cease and desist letter to Ms. Harting and further asked if her company's insurance policy covered copyright infringement claims. Ms. Everett further claims that she was informed at that point that MBE's policy did not provide for such coverage; however, Ms. Everett continued to believe she was, in fact, covered throughout the period of the suit with Ty, Inc. Ms. Everett stated that she reviewed the policy several times and always concluded that the company was, in fact, covered for copyright violations.
In August 1998, MBE received a formal complaint which had been filed by Ty, Inc. in the United States District Court for the Northern District of Illinois, claiming violations of copyright infringements and unfair competition. Ms. Everett retained counsel to defend against the lawsuit without sending a copy of the complaint or any subsequent filings to the Oswald Company or Westfield. At no time did MBE send any type of a written inquiry to either Oswald or Westfield regarding the extent of coverage under the policy as it would pertain to the Ty, Inc. lawsuit.
In December 1998, MBE decided to settle with Ty, Inc. in exchange for the payment of $600,000 and the discontinued sale of all items alleged by Ty, Inc. to be in copyright violation.
On or about June 21, 1999, MBE contacted Ms. Harting at Oswald Company informing her that they had settled a lawsuit with Ty, Inc. in December 1998. Ms. Harting contends that this was the first time MBE had apprised Oswald of the Ty, Inc. lawsuit. Ms. Harting immediately informed the claims department of the lawsuit and settlement. The claims manager then contacted MBE for a copy of the complaint and the subsequent settlement agreement. MBE produced only a copy of the settlement agreement, which Oswald then forwarded to Westfield for the claim.
Westfield investigated the claim by MBE and on November 3, 1999, informed them that coverage of the lawsuit was denied for failure to comply with the express notice provisions of the policy.
MBE then filed the current action alleging breach of written contract, negligence and bad faith. The appellees, Westfield and Oswald, both filed motions for summary judgment, which were granted by the trial court. MBE now appeals those decisions of the trial court and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF-APPELLANT FAILED AS A MATTER OF LAW TO PROVIDE REASONABLE NOTICE OF AN INSURANCE CLAIM TO DEFENDANT-APPELLEE UNDERWRITER WHEN PLAINTIFF'S DELAY IN COMPLYING WITH WRITTEN NOTICE AND PROOF OF LOSS REQUIREMENTS WAS CAUSED BY THE UNDERWRITER'S AGENT INCORRECTLY TELLING PLAINTIFF THAT THE CLAIM WAS NOT COVERED BY THE INSURANCE POLICY.
 II. THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF-APPELLANT'S NEGLIGENCE CLAIM AGAINST DEFENDANT-APPELLEE INSURANCE AGENT WAS BARRED BECAUSE PLAINTIFF DID NOT NAME AN EXPERT WITNESS TO TESTIFY TO THE STANDARD OF CARE FOR INSURANCE AGENTS AFTER DEFENDANT DID NAME SUCH AN EXPERT.
We will first address appellant's second assignment of error wherein MBE contends that the trial court erred in granting Oswald's motion for summary judgment because the appellant failed to produce an expert report to establish that Oswald breached any legal duty or standard of care.
The standard of review for an appellate court on a lower court's granting of summary judgment is de novo. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The movant possesses the burden of establishing that no genuine issue of material fact exists. This burden must be satisfied by specifically producing evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations, which demonstrate the nonmoving party's lack of support toward his claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
It is well established in Ohio that liability and negligence will not lie in the absence of a duty owed by the defendant. Nielsen Enterprises,Inc. v. Insurance Unlimited Agency, Inc. (May 8, 1986), Franklin App. No. 85AP-781, unreported, 1986 Ohio App. LEXIS 6754, at 6, citing Gelbmanv. Second Natl. Bank of Warren (1984), 9 Ohio St.3d 77, 78. In regard to the actions of an insurance agent, this court has held that "an insurance agent has a duty to exercise good faith and reasonable diligence in obtaining insurance requested by a customer, and in advising the customer who relies on the agency's expertise." Lawson v. Ohio Casualty Ins. Co. (June 2, 1994), Cuyahoga App. No. 65336, unreported, 1994 Ohio App. LEXIS 2367, at 7, citing First Catholic Slovak Union v. Buckeye Union Ins. Co. (1986), 27 Ohio App.3d 169. This court has also found it necessary to establish the standard of care of an insurance agent through expert testimony; "expert testimony is appropriate to establish the standard of care of an insurance agent. Lawson, supra 8, citing Frank W. Schaefer,Inc. v. C. Garfield Mitchell Agency, Inc. (1992), 82 Ohio App.3d 322.
In this case, the appellant filed a brief in opposition to the parties' motions for summary judgment which failed to include any form of evidence which would indicate that the insurance agent breached the appropriate standard of care. Therefore, even assuming Ms. Everett's description of the conversation with the agent was correct, MBE failed to show that the agent's conduct was in breach of the standard of care. Appellant's second assignment of error is without merit.
In appellant's first assignment of error, MBE maintains that the trial court erred when it concluded that appellant failed as a matter of law to provide Westfield the proper notice necessary under the appellant's insurance contract to file a claim for reimbursement.
The insurance policy provides in part:
 2. Duties in the event of occurrence, offense, claim or suit
 a. You must see to it we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
 (1) How, when and where the "occurrence" or offense took place;
 (2) The names and addresses of any injured persons and witnesses; and
 (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
 b. If a claim is made or "suit" is brought against any insured, you must:
 (1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.
 You must see to it that we receive written notice of the claim or "suit" and the date as soon as practicable.
c. You and any other involved insured must:
 (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;
 (2) Authorize us to obtain records and other information;
 (3) Cooperate with us in the investigation or settlement of the claim or suit; and (4) Assist us, upon our request in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
 d. No insureds will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
A notice provision is a requirement that goes to the very essence of an insurance contract. Felicity-Franklin Local School Dist. v. NationwideMut. Ins. (1989), 56 Ohio Misc.2d 19, citing Zurich Ins. Co. v. ValleySteel Erectors (1963), 13 Ohio App.2d 41. The notice provision in an insurance contract acts as a condition precedent. "A party claiming insurance coverage has the burden of establishing compliance with all provisions of the insurance policy which are precedent to his right to recover, and the notice provision is such a condition provision."Felicity-Franklin, supra at 20. In addition, a person has a duty to examine the coverage provided and is charged with knowledge of the contents of his or her own policy. Gordon v. Wade (August 8, 1991), Cuyahoga App. No. 61180, unreported, 1991 Ohio App. LEXIS 3744. Courts have further concluded that when notice under an insurance contract is required, an insurer may deny coverage when notice was not given because the delay would prejudice the insurer in protecting its interests.American Motorists Ins. Co. v. Artino (February 22, 1980), Cuyahoga App. No. 40679, unreported, 1980 Ohio App. LEXIS 13842, at 4-5. See ZurichIns. Co. v. Valley Steel Erectors, Inc. (1968), 13 Ohio App.2d 41.
In this case, the appellant first received a "cease and desist" letter from Ty, Inc. dated June 22, 1998. Later, as the trial court stated, Ms. Everett contacted the Oswald Company and spoke to an account manager. The agent that received the call testified, and the phone records support her recollection, that the conversation regarded the appellant's request for a quote for "patent/copyright" insurance coverage. On July 30, 1998, Ty filed suit in the United States District Court for the Northern District of Illinois for copyright infringement and unfair competition. The case proceeded until December 1998 when the appellant entered into a settlement with Ty, Inc. The appellant then waited until July 1999 before informing Westfield through agent Oswald that a suit had occurred and that a settlement agreement had been executed.
The appellant, even with the belief that her insurance covered the lawsuit, failed to satisfy any of the notice requirements under the insurance policy. The appellant failed to send written notice after receiving the cease and desist letter, failed to forward any other materials dealing with the lawsuit, e.g., summons and complaint; and failed to inform the appellee that a settlement between the parties was being negotiated. To now hold the insurance company liable for the appellant's claim would unquestionably prejudice the appellee and directly contradict the notice provisions that both parties agreed to when entering into the insurance policy. Appellant's first assignment of error is therefore without merit.
Judgement affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS. TIMOTHY E. McMONAGLE, P.J., CONCURS INJUDGMENT ONLY.